[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this case, a verdict was rendered in favor of the plaintiff on April 18, 2000. On April 27, a motion to set aside the verdict, a motion for judgment notwithstanding the verdict, and a motion for remittitur were filed. The file reflects that the court denied the motion to set aside the verdict on June 30, 2000 and denied the motion for remittitur on July 24, 2000. The file reflects that no decision was rendered by the trial CT Page 5513 court on the motion for judgment notwithstanding the verdict. All three motions were argued in June, 2000.
It is apparent that the motion for judgment notwithstanding the verdict is based on the same arguments made in the motion to set aside the verdict. In fact, the motion for judgment notwithstanding the verdict states that judgment in favor of the plaintiff be set aside "in accordance with the defendant's motion for directed verdict." The motion for judgment notwithstanding the verdict was marked "off" and plaintiff argues that this was a clerical error. The plaintiff argues that prior to the point at which the motion to dismiss was filed the defendant "acted" as if the court had "acted" on all post trial motions including the motion for judgment notwithstanding the verdict.
The Appellate Court granted the motion to dismiss the appeal and now the defendant has returned to the trial court to have the court rule on the motion for judgment notwithstanding the verdict apparently in the hope that this will revivify the appeal process. The plaintiff, of course, vigorously objects.
The court can say the following. It has no present memory of having decided to deny the motion for the judgment N.O.V. but then inadvertently failing to sign the motion. The court, however, must also confess that it can ascertain no rational reason why it would not have denied this motion at the time it denied the motion to set aside the verdict — they were argued at the same time and are interrelated. It seems to the court that its failure to act on the motion was through sheer inadvertence and frankly regrets that either party's substantive rights will be endangered because of any such inadvertence.
The court will deny motion for judgment N.O.V. simply because it has not been formally acted upon and such action is not contrary to but in accordance with its prior action on the motion to set aside the verdict. The court, however, does not so act with any assumption that it has jurisdiction to do so in light of the fact that the appeal has been dismissed — in fact, it may not have such jurisdiction but the Appellate Court, of course, ultimately must decide that question. Neither does the court intend by its action to "rectify" the record pursuant to P.B. § 66-5 in any formal sense since, as noted, the court has no memory of having actually decided to deny the motion at a prior time but then failing to act on its intention. The court is simply saying that it failed to act on the motion previously for no good reason but certainly would have denied it on June 30, 2000 if time would be so kind as to go backward in its flight.
Corradino, J. CT Page 5514